IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
US DISTRICT COURT
2008 APR 21 A 9: 45
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

| | |
|---|---|
| MARIA CONCEPCION RAMOS,<br><br>  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | ORDER<br><br><br><br><br><br>Civil Case No. 2:08-CV-288 TC<br><br>Criminal Case No. 2:06-CR-541 TC |

Ms. Maria Concepcion Ramos has filed a petition under 28 U.S.C. § 2255.[1] On October 16, 2006, Ms. Ramos plead guilty to Count 1 of the Indictment, Possession of Methamphetamine with Intent to Distribute. The court sentenced Ms. Ramos on January 3, 2007, to 87 months imprisonment and 60 months supervised release. Ms. Ramos did not file an appeal. On April 15, 2008, Ms. Ramos filed her petition.

Ms. Ramo's § 2255 petition must be denied for two reasons. First, Ms. Ramo's petition is time-barred. Under 28 U.S.C. § 2255(1), Ms. Ramos had one year from "the date on which the judgment of conviction bec[ame] final" to file her petition. Here, Ms. Ramo's judgment and conviction was entered on January 3, 2007. Under Federal Rule of Appellate Procedure 4(b), Ms. Ramos had ten days from January 3, 2007 (excluding weekends and holidays), or until January 17, 2007, to appeal her conviction. She did not, however, appeal. Accordingly, her

---

[1] Because the record in this case conclusively shows that Ms. Ramos is not entitled to relief, the court has decided the matter without a hearing.

Judgment of Conviction became final on January 17, 2007, when her time for filing a notice of appeal expired. As a result, the one-year time period for Ms. Ramo's § 2255 petition began to run on January 17, 2007, and expired on January 17, 2008.

Ms. Ramos did not file the current petition until April 15, 2008, nearly three months after the expiration of the one-year time period. Accordingly, because Ms. Ramos did not file her petition within one year of the date her judgment became final, and because she provided no reason for her failure to file her petition before January 17, 2008, her petition is barred, and must be denied.

Second, Ms. Ramo's § 2255 Petition must be denied because she has waived her right to collaterally attack her sentence under § 2255. Specifically, in her Statement in Advance of Plea of Guilty, she agreed to the following:

> I also knowingly, voluntarily and expressly waive my right to challenge my conviction, my sentence, or the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Statement By Defendant in Advance of Plea of Guilty at ¶ 9.) Her waiver is valid because the evidence shows that it was entered voluntarily and knowingly.

## ORDER

For the foregoing reasons, the § 2255 Petition is DENIED.

DATED this 21st day of April, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge